# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CR100 HEA(MLM) |
| | ) | |
| GREGORY MICHAEL CROMER, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [ECF No. 27], of United States Magistrate Judge Mary Ann L. Medler, pursuant to 28 U.S.C. § 636(b). Judge Medler recommends that Defendant Gregory M. Cromer's ("Defendant") Motion to Suppress Evidence [ECF No. 21], be denied. Defendant has filed Objections to the Memorandum and Recommendation [ECF No. 33].

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record.[1]

---

[1] In lieu of an evidentiary hearing on Defendant Cromer's Motion to Suppress, the parties entered into a Stipulated Set of Facts Pertinent to Defendant's Motion to Suppress [ECF No.

**Discussion**

Defendant Cromer has no objection to Judge Medler's proposed findings of fact; however, he does object to how Judge Medler applied those facts to the legal analysis. Specifically, Defendant contends that he had a reasonable expectation of privacy in the searched premises; that there were no exigent circumstances justifying the warrantless entries into any of the three categories of searched premises; and the object of the search was to gather evidence of criminal activity, not to determine the cause of the fire.

Judge Medler relied on United States Supreme Court precedent in *Michigan v. Tyler*, 436 U.S. 499 (1942) and *Michigan v. Clifford*, 464 U.S. 287, 292 (1984) in analyzing whether the fire department and law enforcement officials legally entered onto the fire-damaged premises without a warrant or consent by the property owner and tenants.[2] Under *Clifford*, the constitutionality of warrantless and non-consensual entries onto fire-damaged premises normally turns on three factors: (1) whether there are legitimate privacy interests in the fire-damaged property that are protected by the Fourth Amendment; (2) whether the exigent circumstances justify the government

---

26].

[2] It is undisputed that the Fourth Amendment is subject to only a few specifically established and well delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357 (1967). The *Michigan* cases cited above and *Katz* all outline these exceptions.

intrusion regardless of any reasonable expectations of privacy; and (3) whether the object of the search is to determine the cause of the fire or to gather evidence of criminal activity. *Clifford,* 464 U.S. at 292.

### 1. *Legitimate Privacy Interests*

Both parties agree that there are diminished privacy expectations in commercial premises compared to stronger expectation of privacy afforded to private residences. *See Clifford*, 464 U.S. at 297, n.7; *New York v. Burger,* 482 U.S. 691, 699-700 (1987). Defendant, however, disputes Judge Medler's suggestion that he had no standing to challenge the entry into the auction barn because Defendant leased this building to and it was used exclusively by Saint Clair Livestock Auction. This argument is disingenuous though, as Judge Medler did not attack Defendant's standing *per se.* Rather, Judge Medler, relying on *United States v. Sanchez,* 943 F.2d 110, 113 n.1 (1st Cir. 1991), accurately stated that standing is not to be analyzed apart from the merits, rather Defendant was required to prove a legitimate expectation of privacy as a prerequisite to challenge any potential unlawful police conduct. *See Sanchez*, 943 F.2d at 113, n.1. Defendant has failed to prove a legitimate expectation of privacy here. Judge Medler accurately pointed out that although Defendant and two of his employees had keys to all three of the searched areas of the buildings on the property, this, by itself, gave Defendant no more of an expectation of privacy than

that of any landlord. Further, Defendant's argument that each trailer was his own residential unit also fails, as the facts do not suggest that each trailer was being used by Defendant for residential purposes. As such, Judge Medler was correct in concluding that all of the evidence seized was taken from a business during investigation by first repsonders and investigators and investigators called in for assistance. Thus, Defendant failed to meet his burden of proof regarding his reasonable expectation of privacy.

### 2. *Exigent Circumstances Justifying the Intrusion*

Defendant contends that there was no evidence that this fire presented exigencies that would not tolerate the delay necessary to obtain a search warrant, or to obtain Cromer's consent. As the undisputed facts show, when the first responders arrived, active fires occupied the auction barn. Additionally, six of the horse trailers had been broken into and liquid with the odor of flammable fluid had been poured throughout two of them. In each of the trailers was a one-gallon container approximately two-thirds full of yellow liquid. Defendant does not dispute that the combustible fluid was found in multiple locations of his property, and that there were multiple points of origin of the fire. Given these facts, there was a clear risk of re-ignition, which was clearly an exigent circumstance.

### 3. *Object of the Search*

Defendant contends that the purpose of the warrantless entries into the auction area, into the locked office area and especially the key closet, and into the locked residential quarters of the trailers was clearly to look for evidence of arson. Defendant argues that Judge Medler's reliance on *United States v. Boettger*, 71 F.3d 1410 (8th Cir. 1995) is misplaced due to the highly explosive chemicals on the premises in that case. Judge Medler acknowledged the dissimilarity between the complicated situation in *Boettger* and the normal fire scene in this case; however, *Boettger* still offers guidance here. *Boettger* dealt with a situation where there was a continued danger due to the apparent presence of explosive chemicals and destructive devices. *Id.* at 1414. In the present case, the presence of explosive fluids was not known until the first responders arrived at the scene. Upon arrival, the responders encountered multiple small fires were set within the individual trailers, each containing plastic containers approximately two-thirds full of a liquid that resembled that of a flammable one. The responders then called in the Ignitable Liquid Detection Dog, her handler, and Certified Fire Investigators from ATF to determine the cause and origin of the fires. Based on the undisputed facts, any item seized was done so for the sol purpose of determining the cause and origin of the fire. Defendant has failed to offer any evidence that would suggest that the items seized were obtained for any

other reason. Additionally, based on the undisputed facts, Defendant's argument that there was no fear of re-ignition is also unpersuasive. The evidence before the Court clearly shows that everyone who entered the auction barn, the offices, and trailers did so with the purpose of determining the cause and origin of the fire. *See Id.* at 1415. Defendant's objections are therefore without merit.

### Conclusion

Having conducted a *de novo* review of the Motion to Suppress Evidence and the record before the Court, Defendant's objections are overruled. The Order and Recommendation contains a very thorough analysis of the facts presented and reaches the proper conclusions of law. The Court, therefore will adopt Judge Medler's Recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. 21], is **DENIED**.

Dated this 15th day of February, 2013.

                                                  HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE